AMY B. FOOTE v. CENTRAL AMERICAN COMMERCIAL CO.

1. COMMON PLEAS COURT NOT AUTHORIZED BY SEC. 6733 REV. STAT. TO DISCHARGE ATTACHMENT.

> The common pleas court is not authorized by Sec. 6733 Rev. Stat., on error to a justice of the peace, to discharge an attachment; its jurisdiction is limited in such case to entering a judgment of reversal, and for costs accrued at that time.

2. SECTION 6496 REV. STAT. AUTHORIZES SERVICE BY PUBLICATION WHEN SUMMONS CANNOT BE SERVED.

> A plaintiff in attachment is entitled, under Sec. 6496 Rev. Stat., to obtain service by publication, upon a showing that summons cannot be served upon defendant within the county.

3. MERE COLLECTOR OF SUBSCRIPTIONS, NOT A "MANAGING AGENT" OF FOREIGN CORPORATION, UNDER SEC. 6480 REV. STAT.

> One who collects payments on subscriptions for lands of a foreign corporation is not a "managing agent" upon whom process may be served, within the purview of Sec. 6480 Rev. Stat., even though he be a director thereof.

ERROR to Hamilton common pleas court.

This was a suit brought before a magistrate by Amy B. Foote against the Central American Commercial Co. to recover for advertising, cash advanced, stenographic service, etc. Summons was issued for the company and returned not found. An *alias* summons was issued and served upon Herman Duhme as "managing agent" and so returned. An attachment and garnishment was also issued and served upon Mr. Duhme as garnishee, upon which the company filed a motion before the magistrate to set the service made upon Mr. Duhme as "managing agent" aside, on the ground that he was not and never had been its "managing agent." The motion was overruled, the attachment and garnishment sustained, and judgment rendered for the plaintiff for the amount sued for. Defendant objected to all of these proceedings, and took a bill of exceptions to the order of the magistrate overruling the motion, and to the judgment.

Service was attempted to be made upon the defendant under Sec. 6480 Rev. Stat., providing for service on foreign corporations generally, by serving its "managing agent." It appears that Duhme was a director of the Central American Commercial Co., that he was a subscriber to their lands, and according to his own testimony had collected

payments from other subscribers in his vicinity, reserving his commission therefor, but had transacted no other business for them.

**T. F. Hallam,** for plaintiff in error.

**Joseph L. Lackner,** for defendant in error:

What constitutes a "managing agent" within the meaning of Sec. 6480 Rev. Stat.  Conley v. Alkali Works, 190 U. S. 406 [23 Sup. Ct. Rep. 728; 47 L. Ed. 1113] ; Bucket Pump Co. v. Iron & Steel Co. 11 Circ. Dec. 418 (21 R. 229) ; American Express Co. v. Johnson, 17 Ohio St. 641; Gibbin v. Coal Co. 13 Re. 777 (2 C. S. C. 75) ; Barney v. Railway, 12 Re. 295 (1 Handy 571) ; Robbins v. Taxing District, 120 U. S. 489 [7 Sup. Ct. Rep. Rep. 592; 30 L. Ed. 694] ; Gale Mfg. Co. v. Finkelstein, 22 Tex. Civ. App. 241 [54 S. W. Rep. 619] ; Toledo Commercial Co. v. Manufacturing Co. 55 Ohio St. 217 [45 N. E. Rep. 197] ; Boardman v. McClure Co. 123 Fed. Rep. 614; Goldey v. Morning News, 156 U. S. 518 [15 Sup. Ct. Rep. 559; 39 L. Ed. 517] ; St. Clair v. Cox, 106 U. S. 350 [1 Sup. Ct. Rep. 354; 27 L. Ed. 222].

Appearance and waiver of defects in service.  Smith v. Hoover, 39 Ohio St. 249, 257.

## PER CURIAM.

Herman Duhme was not the managing agent of the defendant, a foreign corporation, within the meaning of Sec. 6480 Rev. Stat. upon whom service of summons could be had, and the court of common pleas properly reversed the judgment of the justice of the peace.  There was error, however, in discharging the attachment, as the court was authorized under Sec. 6733 Rev. Stat. to render only a judgment of reversal, and for costs accrued at that time.

The plaintiff below was entitled, upon a showing that the summons could not be served upon the defendant within the county, to obtain service by publication.  Section 6496 Rev. Stat.

The judgment of reversal and for costs will be affirmed, and in all other respects reversed.